21-6461
Kadiyan v. Garland

BIA
Palmer, IJ
A208 571 350

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-four.

PRESENT:
        DENNIS JACOBS,
        GERARD E. LYNCH,
        JOSEPH F. BIANCO,
           *Circuit Judges*.

_____

SUNIL KADIYAN,
        *Petitioner*,

        v.                         21-6461
                                      NAC

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Suraj Raj Singh, Esq., Richmond Hill, New York.

FOR RESPONDENT:        Brian Boynton, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, District of Columbia.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Sunil Kadiyan, a native and citizen of India, seeks review of a July 21, 2021 decision of the BIA, affirming an April 18, 2019 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sunil Kadiyan.*, No. A208 571 350 (B.I.A. Jul. 21, 2021), *aff'g* No. A208 571 350 (Immig. Ct. N.Y. City Apr. 18, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings for substantial evidence, and questions of law and application of law to fact *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Kadiyan alleges that he was attacked twice in India by members of the ruling Bharatiya Janata Party ("BJP") because he supported the Indian National Lok Dal Party ("Lok Dal"). He testified that, after the first attack, he went to the police to file a report, but the police, who he alleges were associated with the BJP, told him to leave or they would file a false case against him. Kadiyan stated that he did not go to the police after the second attack because he "was convinced" that they would not act against workers for the ruling party. Certified Administrative Record at 314.

2

On appeal, Kadiyan argues that the agency erred in concluding that his claims of past persecution and a well-founded fear of future persecution failed because he did not demonstrate that the Indian government was unwilling or unable to protect him from local BJP members who harmed him in the past or may seek to do so in the future. Kadiyan also contends that the agency erred in alternatively finding that the government had met its burden of demonstrating that he could safely and reasonably relocate within India to avoid future persecution or torture and that it would be reasonable to expect him to do so. As set forth below, we find no basis to disturb the agency's finding regarding Kadiyan's ability to relocate within India and, because that finding is dispositive of each of his claims for relief, we need not address his challenges to the agency's other findings. *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (noting that remand is not necessary "when the IJ articulates an alternative and sufficient basis for her determination" (citation omitted)).

When an applicant has established past persecution, he is entitled to a presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). As relevant here, the burden then shifts to the government to demonstrate by "a preponderance of the evidence" that "[t]he applicant could avoid future persecution by relocating" within the country of removal and that "under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(1)(i)(B); *see also Kone v. Holder*, 596 F.3d 141, 147 (2d Cir. 2010). In determining whether internal relocation is reasonable, the IJ considers relevant factors such as "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical

3

limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. § 1208.13(b)(3).[1]

Here, even assuming *arguendo* that Kadiyan suffered past persecution on account of a protected ground, substantial evidence supports the agency's finding that Kadiyan could safely relocate from his home state of Haryana to another part of India, and that it would be reasonable to expect him to do so. Kadiyan was assaulted by local members of the BJP and did not allege that those members were connected to government officials on the national stage or otherwise involved in the BJP at high levels. He further testified that Lok Dal party members hold seats in the national assembly, indicating that they hold influence in other areas of India.[2] Further, Kadiyan speaks Hindi, the national language, secured work as a commercial truck driver in the United States, and attended three years of university studying civil engineering, all indicia upon which the agency reasonably relied in its determination that he would be able to adjust to a new area within India.

Kadiyan argues that he cannot safely relocate because the BJP has a pervasive presence throughout the country, and the police will track him to other states. However, there is no country conditions evidence to support a conclusion that BJP supporters or the local police have the means or inclination to track members of opposition parties. *See Jagdeep Singh v. Garland*, 11 F.4th 106, 117 (2d Cir. 2021) (finding it reasonable to expect the petitioner to relocate within India where the record reflected "no central countrywide registration system or nationwide police database that

---

[1] Citations in this order refer to the versions of the applicable regulations that were in effect at the time of Kadiyan's proceedings before the agency in 2019.

[2] The country conditions evidence also reflects generally "free and fair" national elections despite "isolated instances of violence." Certified Administrative Record at 196.

members of the [rival political party] could use to track rivals and that only high-profile militants—not local party organizers . . .—are of interest to national authorities"). In short, on this record, we are not compelled to conclude, contrary to the agency's conclusion, that relocation within India was not a reasonable and safe option for Kadiyan. 8 U.S.C. § 1252(b)(4)(B); *see also Jagdeep Singh*, 11 F.4th at 113 ("The scope of review under the substantial evidence standard is exceedingly narrow, and we will uphold the BIA's decision unless the petitioner demonstrates that the record evidence was so compelling that no reasonable factfinder could fail to find him eligible for relief." (internal quotation marks and citations omitted)). Accordingly, the agency did not err in denying his application for asylum and finding him ineligible for withholding of removal. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), 1208.16(b)(1)(i)(B).

The agency's relocation finding was also dispositive of CAT relief because it prevented Kadiyan from establishing the requisite likelihood of torture.[3] *See id.* § 1208.16(c)(3) (listing ability to relocate as consideration in determining likelihood of torture); *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that where record does not demonstrate a discernable chance of persecution required for asylum, it "necessarily fails to demonstrate" the likelihood of harm for CAT relief); *accord Singh Bhagtana v. Garland*, 88 F.4th 121, 125 (2d Cir. 2023), *amended*, No. 20-1673-ag (2d Cir. Feb. 22, 2024) (explaining that, where petitioner claimed he was persecuted by BJP members, "[petitioner's] ability to relocate within India is dispositive of the claims of asylum, withholding of removal, and CAT relief because safe relocation precludes a finding of an objectively reasonable fear of future harm").

---

[3] CAT relief requires the applicant "to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2).

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court